IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON JORDAN, ) | |
|     Petitioner, ) | No. C 07-4680 CRB (PR) |
| vs. ) | ORDER TO SHOW CAUSE |
| JAMES A. YATES, Warden, ) | (Doc # 2) |
|     Respondent. ) | |

    Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Santa Cruz County superior court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

    Petitioner agreed to waive his right to a jury trial in exchange for a maximum sentence of 15 years. After a court trial, he was found guilty of second degree robbery, vehicular evasion of an officer and transportation of marijuana. The trial court also found true the allegations of five prior strike convictions and two prior serious felony convictions for robbery and criminal threats. On October 21, 2005, petitioner was sentenced to 15 years in state prison.

    On July 11, 2006, the California Court of Appeal remanded the matter for resentencing and petitioner sought no further direct review.

1  On February 26, 2007, petitioner filed a petition for a writ of habeas
2  corpus in the Supreme Court of California.  It was denied on July 18, 2007.

### DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including insufficiency of the evidence, prosecutorial misconduct, unduly suggestive pre-trial photo lineup, and unconstitutional imposition of an upper term sentence in violation of Cunningham v. California, 127 S. Ct. 856 (2007).  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis (doc # 2) is GRANTED.

2.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

1  Attorney General of the State of California.  The clerk also shall serve a copy of
2  this order on petitioner.
3      3.    Respondent shall file with the court and serve on petitioner, within
4  60 days of the issuance of this order, an answer conforming in all respects to Rule
5  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6  habeas corpus should not be granted.  Respondent shall file with the answer and
7  serve on petitioner a copy of all portions of the state trial record that have been
8  transcribed previously and that are relevant to a determination of the issues
9  presented by the petition.

      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

    4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

    5.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  January 11, 2008

                CHARLES R. BREYER
                United States District Judge

G:\PRO-SE\CRB\HC.07\Jordan, L1.osc.wpd           3