1    LEON JORDAN F-01093
     C.S.P. C4-118U
2    P.O. BOX-8503
     COALINGA CA. 93210
3
     Pro - Se
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   LEON JORDAN            )          C 07 4680 CRB
          Petitioner       )
12                         )          PETITIONER"S TRAVERSE
         vs.               )          TO RESPONDENT"S ANSWER
13                         )
     JAMES A. YATES,        )
14        Respondents et al )

15       Petitioner Jordan Leon, duly declare that he does reside at

16   the above address and submits this traverse pursuant to 28 U.S.C. §2254,

17   authorized pursuant to provision of 28 U.S.C.

18       Petitioner Jordan Leon, makes this traverse to the answer for the

19   instant petition for writ of habeas corpus and admits, denies and asserts as

20   following; Petitioner Jordan Leon, hereby realleges and incorporates as if

21   fully set forth herein all facts alleged in his petition for writ of habeas

22   corpus on file in this court.

23       In response to the answer to order to show cause filed by respondents

24   (hereinafter collectively referred to as the respondents). Petitioner asserts

25   the following

26

27

28                              1.

1    Petitioner agree that he is in the custody of the state pursuant
2    to the judgement and order of the Superior Court of California as set forth
3    in the answer and that the post-trial proceedings decribed by the state did
4    take place.  Petitioner denies that his custody is lawful or that the
5    judgement and order are valid for he asserts that said judgement, order and
6    custody are the result of proceedings offensive to the Fifth, Sixth and
7    Fourteenth Amendments to the United States Constitution.
8    Petitioner asserts that:
9    1. The prosecutor knowlingly used perjured testimony or failed to correct
10   known  false testimony to obtain petitioners conviction an that alleged
11   victim Kunz was wilfuly false.
12   2. Petitioner asserts that state superior court trial judge could not have
13   reached no rational trier of fact could have found petitioner guilty beyond
14   a reasonable doubt, (5) elements of robbery were not met trial lawyer
15   presented same argument in post trial proceedings (Petitioner took nothing).
16   3. Petitioner asserts that the pre-trial photo line-up was unduly suggestive
17   alleged victim Kunz stated on trial record that he never seen his assailant
18   face who allegedly assaulted him and that under color of authority prosecutor
19   and that detective Bush, detective baker and the D.A. Kato pressured him to
20   identify petitioner.
21   4. Petitioner asserts that he was illegally sentenced to greater then the
22   maximum term.
23   5. Petitioner asserts that he was denied the right to appeal counsel.
24   Petitioner also asserts and agrees that he has exhausted his available
25   state remedies as set forth in the answer.
26   Petitioner moves and respectfully request that court ascertain 3
27   survaillance tapes, pertaining to what occured in safeway store.
28

2

1    Petitioner asserts he never had a cell phone at no time arresting

2  officers confirms it see RT3 621.

3

4    MEMORANDUM OF LAW IN SUPPORT OF TRAVERSE
    TABLE OF CONTENTS

5

6    I. The state has misstated the standard of review under U.S.C. §2254 (d)

7    II. THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH GUILT BEYOND A  REASONABLE

8    DOUBT (Elements are not met)

9    III. THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY - OR FAILED TO CORRECT

10    KNOWN FALSE TESTIMONY TO OBTAIN PETITIONER"S CONVICTION.

11    a. Alleged victim Kunz testified that all three officals, while acting
    under the color of law pressured him into selecting petitioner as one

12    of the assailants RT4 831-835.
    b. Alleged victim Kunz states and testified that during the time of the

13    incident in question he  did not see the assailant's face who hit him
    RT# 572-574.

14    IV. THE PRE-TRIAL PHOTO LINEUP WAS UNDULY SUGGESTIVE.

15    a. Mr. Kunz, in his statements he gave to the investigators and the D.A.
    Mr. Kunz said the assailant who assaulted him didn't have any facial

16    hair. However, during the photo line up the D.A. and investigators
    showed Mr. Kunz a booking photo of Mr. Jordan prior to showing Kunz

17    the six pack photo line up. RT4 857.

18    V. PETITIONER WAS DENIED THE RIGHT TO COUNSEL ON APPEAL.

19    a. On numerous occassions petitioner informed John F. Schuck (Appellant
    counsel) of the issue and the facts of the case that erroneously

20    dismissed by the trial court and the prosecutor.  These same issues
    were brought to Mr. Schuck's attention by petitioner trial attorney,

21    Stacey Sorenson. No factual  evidence in the  record suggesting or
    proving that an actual robbery ever took place, by law elements of the

22    crime was not proven inwhich petitioner was charged see exhibits B,C.

23    VI. PETITIONER ASSERTS THAT HE WAS ILLEGALLY SENTENCED TO GREATER THEN
    THE MAXIUM TERM ON THE BASIS OF FACTS THAT WAS NOT DETERMINED AGAINST

24    THE PETITIONER BY THE JURY BEYOND A RESAONABLE DOUBT.

25    VII. PETITIONER ASSERTS HE WAS DENIED THE RIGHT TO COUNSEL ON APPEAL.
    a. Contends, that counselon direct appeal provided incompetent represent-

26    tation when he failed to provide the professional assistance guaran-
    teed to petitioner on direct appeal governed by 6th Amendment of the

27    UNITED STATES OF THE CONSTITUTION

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 3-95)

Accordingly, Petitioner prays the court to vacate the judgement of the conviction and the sentence imposed upon him in Santa Cruz Superior court and order his immediate release.

Dated:

Respectfully submitted

Leon Jordan
Attorney for pro se

STANDARD OF REVIEW

The state has omitted pertinent facts of the legal statue pertaining to writ habeas corpus proceedins as a general rule, petitions for writ of habeas corpus will not serve as a second appeal, In re waltreus 62 Cal. 2d 218, 225 (1965), notwith-standing there are two recognized exceptions to this general rule which has been held applicable. The first exception occurs where a clear and fundamental constitutional error is allged In re Harris 5 Cal 11th 813 (834-835 1993.

(a) The United States constitution prohibits convictions except upon proof beyond reasonble doubt In re Winship 397 US 358 364 1970 (Per fourteenth Amendment Due Process).  This doctrine establishes a fundamental substantive  constitutional standard when a conviction is obtained without required proof, (Per the U.S. Constitution Due Process), it cannot stand.

The 14th amendments due process forbids convictions without providning each essential element of that crime "beyond a reasonable doubt" Fiore v White 121 S.ct. 712 714 (2001) per curiam Carella v. California 419 US 263 265, 1989, states denied power to deprive persons of liberty without proving each essential element constituting the crime.

The state unreasonably rejected petitioner claim of insufficient evidence, although petitioner did not provide the state court of any trial transcripts, the california supreme court only had the writ habeas corpus.

RESPONDENTS ASSERT'S THAT

Respondent claim and misstates in his answer to show cause that petitioner insufficient claim is meritless and that the

1   essential elements for Robbery were met, respondnet is being

2   mis-leading and unreasonable to the constitutional federal

3   standard for Robbery. Respondent baseless determination involved

4   a pure question of law, while the unreasonable application of

5   the language governing Robbery involving mixed question of law

6   and fact respondent has presented an patchwork theory full of

7   possible indications. Although indications doesn't presume guilt

8   beyond an reasonable doubt. In amount of the evidence the stand-

9   ard was'nt reached by rational trier of facts, elements were

10  not establish, according to clearly establish Federal Law.

11  Mathew Kunz, clearly stated on the record that he solidified

12  an drug transaction with Tayor alone and met with Taylor alone

13  in safeway's restroom and had voluntarly given  his (Red) back-

14  pack of Marijauna to Taylor in fulfilling his contractual

15  obligations RT3 576-577 RT3 560.  This drug transaction was pre-

16  arranged and solidfied by Alvin Taylor and Mathew Kunz did not

17  report an Robbery RT3 (522)

18      Instead Officer Venegas called him some hours later and

19  convince him to fabricate a Robbery, see police report page

20      The evidence on the surveillance tape clearly shows pet-

21  itioner in the 4th grocery isle the whole time except "88"

22  seconds, for 88 seconds RT3 (859) in fact Mr. Taylor was talking

23  to another black male the whole time except when (he) and Taylor

24  disappeared on the surviellance video wearing a white jacket

25  and a blue shirt. Under review of the surveillance tape this

26  other male stood approximately 6' to 6'1" in height, weight a

27  mere 230 to 250 pounds RT4 855.

28      Kunz states that this assailant weightg 250 pounds,

1  petitioner weights 190 pounds substantually way less then the

2  person who assaulted him and took nothing.

3

4                  RESPONDENTS MISSTATES AND ASSERTS

5      Respondent has misstated and asserted no facts to his claim

6  that petitioner and Alvin Taylor jointly charged in trial

7  proceedings. Mr. Taylor pleaded to drug trafficking, D.A. tried

8  to offer petitioner an deal of only drug trafficking and felony

9  evasion, petitioner decline due to his innocence to the offenses

10     Mr. Kunz, testified that he actually at the time before the

11 this (Phantom) perpetrator came into the restroom in safeway,

12 he had already voluntarly relingusih his possessory interest

13 to Mr. Taylor. See Mr. Taylor stated in the police report he

14 purchase the (Red) backpack of marijuana. This botched drug

15 ordeal was between Taylor and Kunz and not petitioner.

16     Taylor was not tried nor convicted by a trial judge or a

17 jury of his peers for the crime of "211" and he is the principal

18 character in the ordeal and only person who receives anything

19 from Mr. Kunz.  Taylor was only tried and convicted only for

20 drug trafficking (he) did not get immunity for the crime of

21 Robbery in exchange to testify at petitioner trial it was simply

22 nor crime of Robbery on the record, D.A. offered us both a plea

23 bargain which involved dropping the false charge of Robbery.

24     Petitioner is charged with "211" nothing else regarding the

25 allege offnece, not conspiracy not aiding & abeting he was

26 charged with "211", according to the matter of law Cal Jic 9.40

27 and penal code 211, petitioner is innoncent of the crime.

28 Elements are not met for Robbery neither was petitioner in the

                               7

restroom, petitioner request court to ascertain and review all three (3)

surveillance tapes.                                        .

                    D.A. CROSS EXAMINE  (MR. KUNZ)

Q When he's frisking you, did he take anything from you ?
A No! I didn't have anything on me except a cell phone, that was
  the only thing I had.
Q Did he take that?
A No!, see RT3 542 10,15

     Prosecutor has the burden of production and persuasion to

prove trier fact proving the elements beyond a reasonable doubt. The due

process clause requires the government to prove beyond a reasonable doubt

every element of the crime with which a defendant is charged see Fiore v.

White, U.S. v. Tarr, the court overturned one of the two count of which

appellant was convicted because there was insufficient evidence to prove

that he the intent to aid and abet in a unauthorized transfer of a machine

gun in violation of 26 U.S.C. § 5861 (1) and 18 U.S.C. C §2 the court found

no evidence that appellant had the requeste knowlede.

     First elements of Robbery is to take property are in the presence as act

of aiding and abeting in a Robbery petitioner was not in the restroom. At

no time respondents admits that is was only Mathew Kunz and Alvin Taylor

alone during the transaction for more then 5 minutes RT3 555, furthermore,

Mr. Kunz states on the record that his previous drug transaction with Taylor

only took less than 5 minutes RT3 528.  Mr. Kunz, goes home after this

transaction puts away whatever profits he receives from Mr. Taylor, therein

Taylor is apprehended with contraband provides officers with Kunz cell

number which was on his cell phone, officer's contact Mr. Kunz who denies

any partake in botch drug deal due to immense pressure of having already

being tagged as the person on the surveillance tape in the store made him

more succeptable toconcoct that he was victim of crime, fair exchange

immunity for fabricated story.

                            8

1    Evidence shows that petitioner was not in possession of any marijuana
2  see RT4 858. Evidence shows that petitioner was not the person who receive
3  the back pack according to aliege witness Mathew Knuz RT3 567, 576, 577.
4    Due process clause relating to the elements of an offense questions
5  whether the evidence is constitutionally sufficient is of course wholly
6  related to the question of how rationally the verdict was actully reached
7  just as the standard announced today does not permit a court to makes its
8  own subjective determination of guilt or innocence Santa Cruz Superior
9  Court failed to observe California State Law Cal. Jic. 9.40 and the Federal
10  Law Penal COde "211". The 5 elements of Robbery. Number one essential element
11  is to take property,petitioner took nothing and is the only person charged
12  with  Robbery, Taylor charged with drug trafficking sentence to 4 years.
13    Under Jackson, the question whether the trier of fact has power to
14  make a finding of guilt require's a binary response. Either the tier of fact
15  has power as a matter of law or it does not, see Jackson v. Virginia, 99
16  S'Ct. 2718, 443 US 307, 61 L.ed 2d 560. In re Winship presopposes as an
17  essential of the due process guaranteed by the fourteenth amendment that no
18  person shall be made to suffer the onus of a criminal conviction except upon
19  proof defined as evidence necessary to convince a tier of fact beyond a
20  reasonable doubt of the existense of every element of the offense.
21    Question: is it matter of law to be served with an indictment and not
22  be guilty of each element of the offense.
23    According to the court, the constitution now prohibits the criminal
24  conviction of any person including, apparently a person against whom the
25  facts have already been found beyond a reasonable doubt by a jury, a trial
26  judge and one or more levels of state appellate judges except upon proof
27  sufficient to convince a federal (443 v.s. 327) judge that a rational trier
28  of fact would have found the essential elements of the crime beyond a

9

1  reasonable doubt ante, at 2789, due process is violated when

2  a state court fails to follow its own established criminal

3  procedures and violates its own statues or constitution

4  (Hicks v Oklahoma 1980 447 US 373. A federal court has a duty

5  assess the historic facts when it is called upon to apply a

6  constitutional standard to a conviction obtained in a state

7  court state must follow federal law. There is plainly a funda-

8  mental fairness interest in having the goverment abide the rule

9  of law it establishes  to govern the circumstances under which

10  it can deprive a person of his or her liberty or life U.S.C.A.

11  14 Canell v. Texas 120 S.Ct held ! reasonable doubt standard and

12  due process protects accused against conviction except upon

13  proof beyond reasonable doubt of every fact necessary to const-

14  itute crime inwhich he or she is charged U.S.C.A. 14

15      Habeas Corpus is available where there is no evidence of

16  the essential elements. In re Giannini 69 Cal 2d 563, 577, N. 11

17  (1969) In re Foss 10 Cal. 3d 910, 931 (1974).

18                      INSUFFICIENT EVIDENCE

19      Argument

20  Q. Now you  actually transfered ownership of that b*ck pack to
    Mr. Taylor he gave 100, 100 for it?
21  A. It was supposedly given to him in transaction, yes.
    Q. Your contractual obligation.
22  A. Excuse me.
    Q. You fulfilled what you were suppose to do in the transfer?
23  A. Yeah Rt 576, 577

24      Alleged victim states that he only met Alvin Taylor in the

25  restroom not petitioner and he gave his marijauna to Alvin

26  Taylor (Co-defendant) voluntarily and he was in safeway restroom alone with

27  Alvin Taylor. see Rt 532, 533, 534, 535, 536. Respondents asserts that

28  Taylor gave me a Que or signal by calling me with a cell phone, appellant

1    Appeallant had no cell phone, this exculpatory evidence
2    is bassless and untrue see RT3 621. Petitioner never had, Allege
3    witness Kunz states on record cross examination by trial
4    lawyor Q. now, when you were in the bathroom you handed the
5    backpack to Mr. Taylor.
6    A. Yes RT3 560.
7    Alleye witness Kunz states that officer fabericated
8    information that hedid not meet with petitioner in safeway
9    restroom, but only met with Taylor RT3 571.
10   Petitioner did not violate any of the elements of
11   Robbery, therefore petitioner respectfully prays the court to
12   vacate the judgement of the conviction.

13

14

15                          Respectfully submitted,

16                          Leon Jordan
                            Attorney for pro se
17

18

19

20

21

22

23

24

25

26

27

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

PRE - TRIAL   PHOTO   LINE - UP

Was unduly Suggestive

1

2      Respondent's MisstTaTes and Asserts that
3   Petitioner accurately selected in Photo line-up.
4          Petitioner avers and realleges that STaTement
5   of facts ofrom Detective Baker And MaThew Kunz.
6   supercede's any assertions that respondents present
7   to this court. It was again MR Kunz testimony that
8   he did not See the Assailants face who Allegedly
9   Assaulted Him (RT3 572-574)
10         Furthermore, during the Photo line-up the D.A. and
11  investigators showed MR Kunz A booking Photo of
12  Petitioner Prior to showing him the six PACK Photo
13  line-up See RT4 (857) unfortunately when Appeal Counsel
14  foward Petitioner Transcripts (He) withHeld or never
15  recieved from SANTA Cruz Superior court House (booking photo)
16  Consequently, there was a Picture of Petitioner
17  in a booking Photo and then a six man Photo
18  line-up. AND This the same Photo-PACKet that
19  was presented to MaTHew Kunz. Officer Baker
20  confirms That this is the same photo PACKet that
21  was presented to MR Kunz. RT4 (835) And Trial
22  Lawyer Nardi Argues this issue to Trial Judge RT4
23  (857)
24         Trial LAwyer Cross EXAMines Kunz
25  (A) I SAW A fist, I SAW the blue shirt. And
26  I dont remember if I SAW the Hat or NOT,
27  But I SAW the blue SHirT. (Q) But not the face
28  (A) NOT the face, NO I SAW the fist. RT3 (572-574)


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

12

further cross examination from Trial Lawyer

1 (Q) isn't it true that you told Bob Bortnick that

2    you felt you were being grilled..

3 (A) Who is Bob Bortnick

4 (Q) A Defense Investigator that you spoke with

5 (A) I told them I felt pressured

6 (Q) By the District Attorney?

7 (A) By All THRee that were there

8

9 (Q) Pressured to give them an Identification

10 (A) to look at the line-up

11 (Q) And, to provide them with an Identification

12 (A) YeAH!

13

14    Petitioner has presented to this Court that

15 Allege Victem MR Kunz Testimony is inconsistent

16 his Identification was impermissibly suggestive

17    Prosecutor cannot offer evidence of any suggestiv-

18 eness in the procedure People V. Greene (1973) 34 CA

19 3d 622, 110 CR 160 Due process Neil V. Biggers.

20 409 U.S. 188. 198 (1972) The factors to be

21 Considered in determing the Constitutionality of

22 witness testimony at trial regarding a Suggest-

23 ive pre-trial Identification are set out in

24 biggers. Applying these factors set out in Biggers

25 Petitioner arguement that the witness testimony

26 regarding his Identification at the PHoto line-up

27 and the in-court Identification was unreliable

28 because the line-up which involve a showing

Of a booking Photo of Petitioner (by Himself)

(13)

1   on Top of the six pack photo line-up, and
2   witness never seeing his assailant face, and
3   being grilled and pressured. Clearly establishes
4   Prosecutor Knowingly use of unduly suggestive
5   Identification. Consequently, resulted in a decision
6   that was contrary to the federal standard
7       Suggestive comments, or conduct that single out a
8   Certain person in Procedure of line-up can cause such un-
9   fairness that they deprive a person of Due Process of Law
10  People V. Perkins (1986) 184 CA 3d 583,588, 229 CR 219,222
11  Manson V. Braithwaite (1973) 432 US 98,114, 53, L Ed 2d 140,154,
12  97 S CT 2243, 2252.

13
14  <u>Due Process A Defendant must rely upon due process</u>
15  <u>Principal</u>

16  The supreme Court has held that the right.
17  to due process requires the exclusion of Pre-trial
18  Identification evidence obtained by a police procedure
19  that was both suggestive and unnecessary
20  Manson V. Braithwaite.

21
22      The Knowing use of unduly Suggestive Identification
23  resulted in a decision that was Contrary to
24  and/or involved an unreasonable application
25  of Clearly established **Federal LAW**
26

27
28      therefore, Reversal is Required.


14

1           PETITIONER RESPECTFULLY REQUEST
2  the COURT TO REVIEW AND INFER to PETITIONER
3  Writ HABEAS CORPUS AS to Augement 2,4.
4  and 5.

5

6         Aurguement 2. THE PROSECUTOR
7  KNOWingly use perjured Testimony. or
8  failed to correct KNOWN FALSE Testimony
9  to obtain Petitioner's Conviction.

10

11        Aurguement 4. PEtitioner was Denied
12  the Right to Counsel on Appeal.

13

14        Aurguement 5. PETITIONER WAS ILLEGALLY
15  SENTENCED to GREATER THEN THE MAXIUM TERM.

16

17

18

19

20

21

22                     Respectfully Submitted.
23
24                     Leon Jordan.

25

26

27

28

Part 9          ROBBERY                    **9.40**

## D.  ROBBERY

*Analysis*

| | Inst. No. |
|---|---|
| Robbery (Pen. Code, § 211) | 9.40 |
| Robbery—Aiding and Abetting—When Intent to Abet Must Be Formed | 9.40.1 |
| Robbery—After Acquired Intent | 9.40.2 |
| Robbery—Fear—Defined | 9.41 |
| Robbery of the First Degree—Defined (Pen. Code, § 212.5, subds. (a), (b), (c)) | 9.42 |
| Robbery First Degree—Acting in Concert (Pen. Code, § 213, subd. (a)(1)(A)) | 9.42.1 |
| Second Degree Robbery as a Matter of Law | 9.43 |
| Carjacking (Pen. Code, § 215) | 9.46 |

# CALJIC 9.40

## ROBBERY

### (Pen. Code, § 211)

**[Defendant is accused [in Count[s] _____] of having committed the crime of robbery, a violation of section 211 of the Penal Code.]**

**Every person who takes personal property in the possession of another, against the will and from the person or immediate presence of that person, accomplished by means of force or fear and with the specific intent permanently to deprive that person of the property, is guilty of the crime of robbery in violation of Penal Code section 211.**

**["Immediate presence" means an area within the alleged victim's reach, observation or control, so that he or she could, if not overcome by violence or prevented by fear, retain possession of the subject property.]**

**"Against the will" means without consent.**

**In order to prove this crime, each of the following elements must be proved:**

635

**9.40**    CRIMES AGAINST SECURITY OF PERSON    Part 9

799].   Acc.: *People* v. *Jones* (1996) 42 Cal.App.4th 1047 [50 Cal.
Rptr.2d 46].)

**Library References:**

C.J.S. Robbery § 70, 88, 94.
West's Key No. Digests, Robbery �call=27(2).
WESTLAW Topic No. 342.

Salinas Valley
State Prison

[illegible]

638

LEON JORDAN F-01093
C.S.P. C4-118U
P.O. BOX-8503
COALINGA CA. 93210

Pro - Se


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| LEON JORDAN | ) | C 07 4680 |
|     Petitioner | ) | |
| | ) | PETITIONER"S TRAVERSE |
|   vs. | ) | TO RESPONDENT"S ANSWER |
| | ) | |
| JAMES A. YATES, | ) | |
|     Respondents et al | ) | |

    Petitioner Jordan Leon, duly declare that he does reside at the above address and submits this traverse pursuant to 28 U.S.C. §2254, authorized pursuant to provision of 28 U.S.C.

    Petitioner Jordan Leon, makes this traverse to the answer for the instant petition for writ of habeas corpus and admits, denies and asserts as following;  Petitioner Jordan Leon, hereby realleges and incorporates as if fully set forth herein all facts alleged in his petition for writ of habeas corpus on file in this court.

    In response  to the answer to order to show cause filed by respondents (hereinafter collectively referred to as the respondents).  Petitioner asserts the following

1.

1    Petitioner agree that he is in the custody of the state pursuant
2    to the judgement and order of the Superior Court of California as set forth
3    in the answer and that the post-trial proceedings decribed by the state did
4    take place. Petitioner denies that his custody is lawful or that the
5    judgement and order are valid for he asserts that said judgement, order and
6    custody are the result of proceedings offensive to the Fifth, Sixth and
7    Fourteenth Amendments to the United States Constitution.
8    Petitioner asserts that:
9    1. The prosecutor knowlingly used perjured testimony or failed to correct
10   known  false testimony to obtain petitioners conviction an that alleged
11   victim Kunz was wilfuly false.
12   2. Petitioner asserts that state superior court trial judge could not have
13   reached no rational trier of fact could have found petitioner guilty beyond
14   a reasonable doubt, (5) elements of robbery were not met trial lawyer
15   presented same argument in post trial proceedings (Petitioner took nothing).
16   3. Petitioner asserts that the pre-trial photo line-up was unduly suggestive
17   alleged victim Kunz stated on trial record that he never seen his assailant
18   face who allegedly assaulted him and that under color of authority prosecutor
19   and that detective Bush, detective baker and the D.A. Kato pressured him to
20   identify petitioner.
21   4. Petitoner asserts that he was illegally sentenced to greater then the
22   maximum term.
23   5. Petitioner asserts that he was denied the right to appeal counsel.
24   Petitioner also asserts and agrees that he has exhausted his available
25   state remedies as set forth in the answer.
26   Petitioner moves and respectfully request that court ascertain 3
27   surveillance tapes, pertaining to what occured in safeway store.
28

2.

1    Petitioner asserts he never had a cell phone at no time arresting

2  officers confirms it see RT3 621.

3

4    MEMORANDUM OF LAW IN SUPPORT OF TRAVERSE
                        TABLE OF CONTENTS
5

6    I. The state has misstated the standard of review under U.S.C. §2254 (d)

7    II. THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH GUILT BEYOND A  REASONABLE

8      DOUBT (Elements are not met)

9   III. THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY - OR FAILED TO CORRECT

10      KNOWN FALSE TESTIMONY TO OBTAIN PETITIONER"S CONVICTION.

11     a. Alleged victim Kunz testified that all three officals, while acting
         under the color of law pressured him into selecting petitioner as one
12         of the assailants RT4 831-835.
       b. Alleged victim Kunz states and testified that during the time of the
13         incident in question he  did not see the assailant's face who hit him
           RT# 572-574.
14    IV. THE PRE-TRIAL PHOTO LINEUP WAS UNDULY SUGGESTIVE.

15     a. Mr. Kunz, in his statements he gave to the investigators and the D.A.
         Mr. Kunz said the assailant who assaulted him didn't have any facial
16         hair. However, during the photo line up the D.A. and investigators
         showed Mr. Kunz a booking photo of Mr. Jordan prior to showing Kunz
17         the six pack photo line up. RT4 857.

18    V. PETITIONER WAS DENIED THE RIGHT TO COUNSEL ON APPEAL.

19     a. On numerous occassions petitioner informed John F. Schuck (Appellant
         counsel) of the issue and the facts of the case that erroneously
20         dismissed by the trial court and the prosecutor.  These same issues
         were brought to Mr. Schuck's attention by petitioner trial attorney,
21         Stacey Sorenson. No factual evidence in the  record suggesting or
         proving that an actual robbery ever took place, by law elements of the
22         crime was not proven inwhich petitioner was charged see exhibits B,C.

23    VI. PETITIONER ASSERTS THAT HE WAS ILLEGALLY SENTENCED TO GREATER THEN
         THE MAXIUM TERM ON THE BASIS OF FACTS THAT WAS NOT DETERMINED AGAINST
24       THE PETITIONER BY THE JURY BEYOND A RESAONABLE DOUBT.

25   VII. PETITIONER ASSERTS HE WAS DENIED THE RIGHT TO COUNSEL ON APPEAL.
       a. Contends, that counselon direct appeal provided incompetent represent-
26         tation when he failed to provide the professional assistance guaran-
         teed to petitioner on direct appeal governed by 6th Amendment of the
27         UNITED STATES OF THE CONSTITUTION

28

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)

3

1

2          Accordingly, Petitioner prays the court to vacate

3    the judgement of the conviction and the sentence imposed upon

4    him in Santa Cruz Superior court and order his immediate release.

5

6

7    Dated:

8                                    Respectfully submitted

9                                    Leon Jordan
                                     Attorney for pro se
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ч

<div align="center">STANDARD OF REVIEW</div>

1
2    The state has omitted pertinent facts of the legal statue
3    pertaining to writ habeas corpus proceedins as a general rule,
4    petitions for writ of habeas corpus will not serve as a  second
5    appeal, In re waltreus 62 Cal. 2d 218, 225 (1965), notwith-
6    standing there are two recognized exceptions to this general
7    rule which has been held applicable. The first exception occurs
8    where a clear and fundamental constitutional error is allged
9    In re Harris 5 Cal 11th 813 (834-835 1993.
10   (a) The United States constitution prohibits convictions except
11   upon proof beyond reasonble doubt In re Winship 397 US 358 364
12   1970 (Per fourteenth Amendment Due Process).  This doctrine
13   establishes a fundamental substantive constitutional standard
14   when a conviction is obtained without required proof, (Per the
15   U.S. Constitution Due Process), it cannot stand.
16       The 14th amendments due process forbids convictions without
17   providning each essential element of that crime "beyond a reason-
18   able doubt" Fiore v White 121 S.ct. 712 714 (2001) per curiam
19   Carella v. California 419 US 263 265, 1989, states denied power
20   to deprive persons of liberty without proving each essential
21   element constituting the crime.
22       The state unreasonably rejected petitioner claim of insuff-
23   icient evidence, although petitioner did not provide the state
24   court of any trial transcripts, the california supreme court
25   only had the writ habeas corpus.
26   <div align="center">RESPONDENTS ASSERT'S THAT</div>
27       Respondent claim and misstates in his answer to show cause
28   that petitioner insufficient claim is meritless and that the

<div align="center">5</div>

1    essential elements for Robbery were met, respondnet is being
2    mis-leading and unreasonable to the constitutional federal
3    standard for Robbery. Respondent baseless determination involved
4    a pure question of law, while the unreasonable application of
5    the language governing Robbery involving mixed question of law
6    and fact respondent has presented an patchwork theory full of
7    possible indications. Although indications doesn't presume guilt
8    beyond an reasonable doubt. In amount of the evidence the stand-
9    ard was'nt reached by rational trier of facts, elements were
10   not establish, according to clearly establish Federal Law.
11   Mathew Kunz, clearly stated on the record that he solidified
12   an drug transaction with Tayor alone and met with Taylor alone
13   in safeway's restroom and had voluntarly given  his (Red) back-
14   pack of Marijauna to Taylor in fulfilling his contractual
15   obligations RT3 576-577 RT3 560.  This drug transaction was pre-
16   arranged and solidfied by Alvin Taylor and Mathew Kunz did not
17   report an Robbery RT3 (522)
18       Instead Officer Venegas called him some hours later and
19   convince him to fabricate a Robbery, see police report page
20       The evidence on the surveillance tape clearly shows pet-
21   itioner in the 4th grocery isle the whole time except "88"
22   seconds, for 88 seconds RT3 (859) in fact Mr. Taylor was talking
23   to another black male the whole time except when (he) and Taylor
24   disappeared on the surveillance video wearing a white jacket
25   and a blue shirt. Under review of the surveillance tape this
26   other male stood approximately 6' to 6'1" in height, weight a
27   mere 230 to 250 pounds RT4 855.
28       Kunz states that this assailant weightg 250 pounds,

1  petitioner weights 190 pounds substantually way less then the

2  person who assaulted him and took nothing.

3

4                    RESPONDENTS MISSTATES AND ASSERTS

5      Respondent has misstated and asserted no facts to his claim

6  that petitioner and Alvin Taylor jointly charged in trial

7  proceedings. Mr. Taylor pleaded to drug trafficking, D.A. tried

8  to offer petitioner an deal of only drug trafficking and felony

9  evasion, petitioner decline due to his innocence to the offenses

10     Mr. Kunz, testified that he actually at the time before the

11  this (Phantom) perpetrator came into the restroom in safeway,

12  he had already voluntarily relingusih his possessory interest

13  to Mr. Taylor. Mr. Taylor stated in the police report he

14  purchase the (Red) backpack of marijuana. This botched drug

15  ordeal was between Taylor and Kunz and not petitioner.

16     Taylor was not tried nor convicted by a trial judge or a

17  jury of his peers for the crime of "211" and he is the principal

18  character in the ordeal and only person who receives anything

19  from Mr. Kunz. Taylor was only tried and convicted only for

20  drug trafficking (he) did not get immunity for the crime of

21  Robbery in exchange to testify at petitioner trial it was simply

22  nor crime of Robbery on the record, D.A. offered us both a plea

23  bargain which involved dropping the false charge of Robbery.

24     Petitioner is charged with "211" nothing else regarding the

25  allege offnece, not conspiracy not aiding & abeting he was

26  charged with "211", according to the matter of law Cal Jic 9.40

27  and penal code 211, petitioner is innoncent of the crime.

28  Elements are not met for Robbery neither was petitioner in the

                                    7

1   restroom, petitioner request court to ascertain and review all three (3)

2   surveillance tapes.

3                   D.A. CROSS EXAMINE  (MR. KUNZ)

4   Q When he's frisking you, did he take anything from you ?
    A No! I didn't have anything on me except a cell phone, that was
5     the only thing I had.
    Q Did he take that?
6   A No!, see RT3 542 10,15

7        Prosecutor has the burden of production and persuasion to

8   prove trier fact proving the elements beyond a reasonable doubt. The due

9   process clause requires the government to prove beyond a reasonable doubt

10  every element of the crime with which a defendant is charged see Fiore v.

11  White, U.S. v. Tarr, the court overturned one of the two count of which

12  appellant was convicted because there was insufficient evidence to prove

13  that he the intent to aid and abet in a unauthorized transfer of a machine

14  gun in violation of 26 U.S.C. § 5861 (1) and 18 U.S.C. C §2 the court found

15  no evidence that appellant had the requeste knowlede.

16       First elements of Robbery is to take property are in the presence as act

17  of aiding and abeting in a Robbery petitioner was not in the restroom. At

18  no time respondents admits that is was only Mathew Kunz and Alvin Taylor

19  alone during the transaction for more then 5 minutes RT3 555, furthermore,

20  Mr. Kunz states on the record that his previous drug transaction with Taylor

21  only took less than 5 minutes RT3 528. Mr. Kunz, goes home after this

22  transaction puts away whatever profits he receives from Mr. Taylor, therein

23  Taylor is apprehended with contraband provides officers with Kunz cell

24  number which was on his cell phone, officer's contact Mr. Kunz who denies

25  any partake in botch drug deal due to immense pressure of having already

26  being tagged as the person on the surveillance tape in the store made him

27  more succeptable to concoct that he was victim of crime, fair exchange

28  immunity for fabricated story.

                              8

1        Evidence shows that petitioner was not in possession of any marijuana

2    see RT4 858. Evidence shows that petitioner was not the person who receive

3    the back pack according to allege witness Mathew Knuz RT3 567, 576, 577.

4        Due process clause relating to the elements of an offense questions

5    whether the evidence is constitutionally sufficient is of course wholly

6    related to the question of how rationally the verdict was actully reached

7    just as the standard announced today does not permit a court to makes its

8    own subjective determination of guilt or innocence Santa Cruz Superior

9    Court failed to observe California State Law Cal. Jic. 9.40 and the Federal

10   Law Penal COde "211". The 5 elements of Robbery. Number one essential element

11   is to take property,petitioner took nothing and is the only person charged

12   with  Robbery, Taylor charged with drug trafficking sentence to 4 years.

13       Under Jackson, the question whether the trier of fact has power to

14   make a finding of guilt require's a binary response. Either the tier of fact

15   has power as a matter of law or it does not, see Jackson v. Virginia, 99

16   S'Ct. 2718, 443 US 307, 61 L.ed 2d 560. In re Winship presopposes as an

17   essential of the due process guaranteed by the fourteenth amendment that no

18   person shall be made to suffer the onus of a criminal conviction except upon

19   proof defined as evidence necessary to convince a tier of fact beyond a

20   reasonable doubt of the existense of every element of the offense.

21       Question: is it matter of law to be served with an indictment and not

22   be guilty of each element of the offense.

23       According to the court, the constitution now prohibits the criminal

24   conviction of any person including, apparently a person against whom the

25   facts have already been found beyond a reasonable doubt by a jury, a trial

26   judge and one or more levels of state appellate judges except upon proof

27   sufficient to convince a federal (443 v.s. 327) judge that a rational trier

28   of fact would have found the essential elements of the crime beyond a

9.

1  reasonable doubt ante, at 2789, due process is violated when

2  a state court fails to follow its own established criminal

3  procedures and violates its own statues or constitution

4  (Hicks v Oklahoma 1980 447 US 373. A federal court has a duty

5  assess the historic facts when it is called upon to apply a

6  constitutional standard to a conviction obtained in a state

7  court state must follow federal law. There is plainly a funda-

8  mental fairness interest in having the goverment abide the rule

9  of law it establishes  to govern the circumstances under which

10  it can deprive a person of his or her liberty or life U.S.C.A.

11  14 Canell v. Texas 120 S.Ct held ! reasonable doubt standard and

12  due process protects accused against conviction except upon

13  proof beyond reasonable doubt of every fact necessary to const-

14  itute crime inwhich he or she is charged U.S.C.A. 14

15      Habeas Corpus is available where there is no evidence of

16  the essential elements. In re Giannini 69 Cal 2d 563, 577, N. 11

17  (1969) In re Foss 10 Cal. 3d 910, 931 (1974).

18                    INSUFFICIENT EVIDENCE

19      Argument

20  Q. Now you  actually transfered ownership of that back pack to
    Mr. Taylor he gave 100, 100 for it?

21  A. It was supposedly given to him in transaction, yes.
    Q. Your contractual obligation.

22  A. Excuse me.
    Q. You fulfilled what you were suppose to do in the transfer?

23  A. Yeah Rt 576, 577

24      Alleged victim states that he only met Alvin Taylor in the

25  restroom not petitioner and he gave his marijauna to Alvin

26  Taylor (Co-defendant) voluntarily and he was in safeway restroom alone with

27  Alvin Taylor. see Rt 532, 533, 534, 535, 536. Respondents asserts that

28  Taylor gave me a Que or signal by calling me with a cell phone, appellant

1    Appeallant had no cell phone, this exculpatory evidence
2  is bassless and untrue see RT3 621. Petitioner never had, Allege
3  witness Kunz states on record cross examination by trial
4  lawyor Q. now, when you were in the bathroom you handed the
5  backpack to Mr. Taylor.
6  A. Yes RT3 560.

7    Allege witness Kunz states that officer fabericated
8  information that hedid not meet with petitioner in safeway
9  restroom, but only met with Taylor RT3 571.

10    Petitioner did not violate any of the elements of
11  Robbery, therefore petitioner respectfully prays the court to
12  vacate the judgement of the conviction.

13
14
15                                  Respectfully submitted,
16                                  Leon Jordan
                                    Attorney for pro se
17
18
19
20
21
22
23
24
25
26
27
28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1 A

PRE-TRIAL PHOTO LINE-UP
Was unduly Suggestive

1

2   Respondent's MISSTATES and Asserts that
3 Petitioner accurately selected in Photo line-up.
4   Petitioner avers and realleges that STATEment
5 OF facts ofrom Detective Baker And MATHEW KUNZ.
6 supercedes any assertions that respondents present
7 to this court. It was again MR KUNZ testimony that
8 he did not See the Assailants face who Allegedly
9 ASSAULTED Him (RT3 572-574)

10   Furthermore, during the Photo line-up the D.A. and
11 investigators showed MR KUNZ A booking Photo of
12 Petitioner Prior to showing him the SIX PACK Photo
13 line-up See RT4 (857) unfortunately when Appeal Counsel
14 foward Petitioner TRANSCRIPTS (He) withHeld or never
15 recieved from SANTA CRUZ Superior COURT House (Booking Photo)
16 Consequently, there was a Picture of Petitioner
17 in a booking Photo and then a six man Photo
18 line-up. AND This the same Photo-PACKet that
19 Was presented to MATHEW KUNZ. OFFicer BAKer
20 Confirms That this is the same photo PACKet that
21 was presented to MR KUNZ. RT4 (835) And Trial
22 LAWyer Nardi Argues this issue to Trial Judge RT4
23 (857)

24   Trial LAWyer Cross EXAMINES KUNZ
25 Ⓐ I SAW A fist, I SAW the blue shirt. And
26 I dont remember if I SAW the Hat or NOT,
27 BUT I SAW the blue SHirT. Ⓠ But not the face
28 Ⓐ NOT the face, NO I SAW the fist. RT3 (572-574)

12

further cross examination from Trial Lawyer

1   (Q) isnt it true that you told Bob Bortnick that
2       you felt you were being grilled.
3   (A) Who is Bob Bortnick
4   (Q) A Defense investigator that you spoke with
5   (A) I told them I felt pressured
6   (Q) By the District Attorney?
7   (A) By All THree that were there
8
9   (Q) Pressured to give them an Identification
10  (A) to look at the line-up
11  (Q) And, to provide them with an Identification
12  (A) YeaH!
13
14      Petitioner has presented to this court that
15  Allege victim MR Kunz Testimony is inconsistent
16  his Identification was impermissibly suggestive
17      Prosecutor cannot offer evidence of any suggestiv-
18  eness in the procedure People V. Greene (1973) 34 CA
19  3d 622, 110 CR 160 Due process Neil V. Biggers.
20  409 U.S. 188, 198 (1972) The factors to be
21  Considered in determing the Constitutionality of
22  Witness testimony at trial regarding a suggest-
23  ive pre-trial Identification are set out in
24  biggers. Applying these factors set out in Biggers
25  Petitioner arguement that the witness testimony
26  regarding his Identification at the PHoto line-up
27  and the in-court Identification was unreliable
28  because the line-up which involve a showing
    of a booking Photo of Petitioner (by Himself)

(13)

1  On Top of the six pack Photo line-up, and
2  witness never seeing his assailant face, and
3  being grilled and pressured. Clearly establishes
4  Prosecutor Knowingly use of unduly suggestive
5  Identification. consequently, resulted in a decision
6  that was contrary to the federal standard
7          Suggestive comments, or conduct that single out a
8  certain person in Procedure of line-up can cause such un-
9  fairness that they deprive a person of Due Process of Law
10 People V. Perkins (1986) 184  CA 3d  583, 588, 229, CR 219, 222
11 Manson V. Braithwaite (1973) 432 US 98, 114, 53, L Ed 2d 140, 154,
12 97 S CT 2243, 2252.

14  <u>Due Process A Defendant must rely upon due process</u>
15  <u>Principal</u>

16 The supreme Court has held that the right.
17 to due process requires the exclusion of Pre-trial
18 Identification evidence obtained by a police procedure
19 that was both suggestive and unnecessary
20 Manson V. Braithwaite.

22     The Knowing use of unduly suggestive Identification
23 resulted in a decision that was contrary to
24 and/or involved an unreasonable application
25 of clearly established **Federal** LAW
26

27
28     therefore, Reversal is Required.

14

1    PETITIONER RESPECTFULLY REQUEST
2  the COURT TO REVIEW AND INfer to PETITIONER
3  writ HAbEAS Corpus As to Aurgement 2,4.
4  and 5.

6       Aurguement 2. THE PROSECUTOR
7  KNOWingly Use perjured Testimony or
8  failed to Correct KNOWN FALSE Testimony
9  to Obtain Petitioner's Conviction.

11       Aurguement 4. PETITIONER Was Denied
12  tHe Right to Counsel on Appeal.

14       Aurguement 5. PETITIONER WAS ILLEGAily
15  SENTENCED to GREATER THEN ThE MAXIUM TERM.

22              Respectfully Submitted.

24              Leon Jordan

**1.   A person had possession of property of some value however slight;**

**2.   The property was taken from that person or from [his] [her] immediate presence;**

**3.   The property was taken against the will of that person;**

**4.   The taking was accomplished either by force or fear; and**

**5.   The property was taken with the specific intent permanently to deprive that person of the property.**

USE NOTE

"Consent" defined in CALJIC 1.23.

Though not stated in the code definition, robbery is a specific intent crime, and jury must be so instructed sua sponte. (*People* v. *Ford* (1964) 60 Cal.2d 772, 792–793 [36 Cal.Rptr. 620, 634, 388 P.2d 892, 905–906].)

Attempt to commit robbery is a lesser included offense in robbery; where there is evidence that would absolve defendant from guilt of robbery but would support a finding of attempt to commit robbery, an instruction on the lesser offense must be given sua sponte. (*People* v. *Calpito* (1970) 9 Cal.App.3d 212, 220 [88 Cal.Rptr. 64, 68].)

The court should instruct on theft as a lesser included offense to robbery. (*People* v. *Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 458, 702 P.2d 613, 616].)

COMMENT

Pen. Code, § 211; 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) §§ 635–645.

Robbery is a combination of assault and larceny, that is, an offense against the person as well as against property. The Committee has chosen to include robbery in the category of crimes against the security of person rather than in the category of crimes against property.

636

Crime of robbery does not depend on the value of the property taken. (*People* v. *Coleman* (1970) 8 Cal.App.3d 722, 728 [87 Cal. Rptr. 554, 557].)

Movement of stolen property by the victim, when under defendant's dominion and control, constitutes asportation and possession by the defendant. (*People* v. *Price* (1972) 25 Cal.App.3d 576, 578 [102 Cal.Rptr. 71, 72].)

It is no defense to a charge of robbery that the victim was not the true owner of the money taken. (*People* v. *Moore* (1970) 4 Cal.App.3d 668, 670 [84 Cal.Rptr. 771, 772].)

Robbery (with the use of a firearm) does not include assault with a deadly weapon as a lesser included offense. (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 101 [192 Cal.Rptr. 748, 754, 665 P.2d 520, 526].)

A security guard who attempts to recover (in a parking lot) merchandise which the defendant has previously stolen from a store, is in constructive possession of the merchandise and the defendant's assaultive behavior (in the parking lot) makes him guilty of robbery because robbery is a continuous offense. (*People* v. *Estes* (1983) 147 Cal.App.3d 23, 26–28, 194 Cal.Rptr. 909, 910–912.)

Personal property includes property affixed to realty when it is severed and taken from the possession or immediate presence of the owner under circumstances that would have subjected the perpetrator to liability for robbery if the property had been severed by another at some previous time. (See *People* v. *Dillon* (1983) 34 Cal.3d 441, 456–462 [194 Cal.Rptr. 390, 397–401, 668 P.2d 697, 704–708].)

Drugging of robbery victim constitutes use of force. (*People* v. *Dreas* (1984) 153 Cal.App.3d 623, 627–629 [200 Cal.Rptr. 586, 588–589].)

Robbery requires a showing of an intent to steal before or during the application of force, rather than merely after the application of force. If defendant drives away with victim's purse in his car without knowing that the purse is in the car, he is not guilty of robbery. (*Rodriguez* v. *Superior Court* (1984) 159 Cal.App.3d 821, 825 [205 Cal.Rptr. 750, 752].)

The definition of "immediate presence" is derived from *People* v. *Hayes* (1990) 52 Cal.3d 577, 626–627 [276 Cal.Rptr. 874, 903–904, 802 P.2d 376, 406–407].

The requisite possession may be actual or constructive. (*People* v. *Bekele* (1995) 33 Cal.App.4th 1457, 1461 [39 Cal.Rptr.2d 797,

LEON JORDAN F-01093
C.S.P. C4-118U
P.O. BOX-8503
COALINGA CA. 93210

Pro - Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEON JORDAN | ) | C 07 4680 |
|     Petitioner | ) | |
| | ) | PETITIONER"S  TRAVERSE |
|   vs. | ) | TO RESPONDENT"S ANSWER |
| | ) | |
| JAMES A. YATES, | ) | |
|     Respondents et al | ) | |

Petitioner Jordan Leon, duly declare that he does reside at the above address and submits this traverse pursuant to 28 U.S.C. §2254, authorized pursuant to provision of 28 U.S.C.

Petitioner Jordan Leon, makes this traverse to the answer for the instant petition for writ of habeas corpus and admits, denies and asserts as following; Petitioner Jordan Leon, hereby realleges and incorporates as if fully set forth herein all facts alleged in his petition for writ of habeas corpus on file in this court.

In response to the answer to order to show cause filed by respondents (hereinafter collectively referred to as the respondents). Petitioner asserts the following

1.

1    Petitioner agree that he is in the custody of the state pursuant

2    to the judgement and order of the Superior Court of California as set forth

3    in the answer and that the post-trial proceedings decribed by the state did

4    take place.  Petitioner denies that his custody is lawful or that the

5    judgement and order are valid for he asserts that said judgement, order and

6    custody are the result of proceedings offensive to the Fifth, Sixth and

7    Fourteenth Amendments to the United States Constitution.

8    Petitioner asserts that:

9    1. The prosecutor knowlingly used perjured testimony or failed to correct

10   known  false testimony to obtain petitioners conviction an that alleged

11   victim Kunz was wilfuly false.

12   2. Petitioner asserts that state superior court trial judge could not have

13   reached no rational trier of fact could have found petitioner guilty beyond

14   a reasonable doubt, (5) elements of robbery were not met trial lawyer

15   presented same argument in post trial proceedings (Petitioner took nothing).

16   3. Petitioner asserts that the pre-trial photo line-up was unduly suggestive

17   alleged victim Kunz stated on trial record that he never seen his assailant

18   face who allegedly assaulted him and that under color of authority prosecutor

19   and that detective Bush, detective baker and the D.A. Kato pressured him to

20   identify petitioner.

21   4. Petitoner asserts that he was illegally sentenced to greater then the

22   maximum term.

23   5. Petitioner asserts that he was denied the right to appeal counsel.

24   Petitioner also asserts and agrees that he has exhausted his available

25   state remedies as set forth in the answer.

26   Petitioner moves and respectfully request that court ascertain 3

27   survaillance tapes, pertaining to what occured in safeway store.

28

2

1    Petitioner asserts he never had a cell phone at no time arresting
2 officers confirms it see RT3 621.

3

4                    MEMORANDUM OF LAW IN SUPPORT OF TRAVERSE
                              TABLE OF CONTENTS
5

6    I. The state has misstated the standard of review under U.S.C. §2254 (d)

7    II. THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH GUILT BEYOND A  REASONABLE

8       DOUBT (Elements are not met)

9   III. THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY - OR FAILED TO CORRECT

10       KNOWN FALSE TESTIMONY TO OBTAIN PETITIONER"S CONVICTION.

11      a. Alleged victim Kunz testified that all three officals, while acting
           under the color of law pressured him into selecting petitioner as one
12          of the assailants RT4 831-835.
        b. Alleged victim Kunz states and testified that during the time of the
13          incident in question he  did not see the assailant's face who hit him
           RT# 572-574.
14   IV. THE PRE-TRIAL PHOTO LINEUP WAS UNDULY SUGGESTIVE.

15      a. Mr. Kunz, in his statements he gave to the investigators and the D.A.
           Mr. Kunz said the assailant who assaulted him didn't have any facial
16          hair. However, during the photo line up the D.A. and investigators
           showed Mr. Kunz a booking photo of Mr. Jordan prior to showing Kunz
17          the six pack photo line up. RT4 857.

18    V. PETITIONER WAS DENIED THE RIGHT TO COUNSEL ON APPEAL.

19      a. On numerous occassions petitioner informed John F. Schuck (Appellant
           counsel) of the issue and the facts of the case that erroneously
20          dismissed by the trial court and the prosecutor.  These same issues
           were brought to Mr. Schuck's attention by petitioner trial attorney,
21          Stacey Sorenson. No factual  evidence in the  record suggesting or
           proving that an actual robbery ever took place, by law elements of the
22          crime was not proven inwhich petitioner was charged see exhibits B,C.

23   VI. PETITIONER ASSERTS THAT HE WAS ILLEGALLY SENTENCED TO GREATER THEN
           THE MAXIUM TERM ON THE BASIS OF FACTS THAT WAS NOT DETERMINED AGAINST
24          THE PETITIONER BY THE JURY BEYOND A RESAONABLE DOUBT.

25  VII. PETITIONER ASSERTS HE WAS DENIED THE RIGHT TO COUNSEL ON APPEAL.
        a. Contends, that counselon direct appeal provided incompetent represent-
26          tation when he failed to provide the professional assistance guaran-
           teed to petitioner on direct appeal governed by 6th Amendment of the
27          UNITED STATES OF THE CONSTITUTION

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1

2             Accordingly, Petitioner prays the court to vacate

3   the judgement of the conviction and the sentence imposed upon

4   him in Santa Cruz Superior court and order his immediate release.

5

6

7   Dated:

8                                Respectfully submitted

9                                Leon Jordan

10                               Attorney for pro se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STANDARD OF REVIEW

1   The state has omitted pertinent facts of the legal statue
2  pertaining to writ habeas corpus proceedins as a general rule,
3  petitions for writ of habeas corpus will not serve as a  second
4  appeal, In re waltreus 62 Cal. 2d 218, 225 (1965), notwith-
5  standing there are two recognized exceptions to this general
6  rule which has been held applicable. The first exception occurs
7   where a clear and fundamental constitutional error is allged
8  In re Harris 5 Cal 11th 813 (834-835 1993.

9  (a) The United States constitution prohibits convictions except
10 upon proof beyond reasonble doubt In re Winship 397 US 358 364
11 1970 (Per fourteenth Amendment Due Process).  This doctrine
12 establishes a fundamental substantive  constitutional standard
13 when a conviction is obtained without required proof, (Per the
14 U.S. Constitution Due Process), it cannot stand.

15   The 14th amendments due process forbids convictions without
16 providning each essential element of that crime "beyond a reason-
17 able doubt" Fiore v White 121 S.ct. 712 714 (2001) per curiam
18 Carella v. California 419 US 263 265, 1989, states denied power
19 to deprive persons of liberty without proving each essential
20 element constituting the crime.

21   The state unreasonably rejected petitioner claim of insuff-
22 icient evidence, although petitioner did not provide the state
23 court of any trial transcripts, the california supreme court
24 only had the writ habeas corpus.

RESPONDENTS ASSERT'S THAT

25   Respondent claim and misstates in his answer to show cause
26 that petitioner insufficient claim is meritless and that the

1    essential elements for Robbery were met, respondnet is being

2    mis-leading and unreasonable to the constitutional federal

3    standard for Robbery. Respondent baseless determination involved

4    a pure question of law, while the unreasonable application of

5    the language governing Robbery involving mixed question of law

6    and fact respondent has presented an patchwork theory full of

7    possible indications. Although indications doesn't presume guilt

8    beyond an reasonable doubt. In amount of the evidence the stand-

9    ard was'nt reached by rational trier of facts, elements were

10   not establish, according to clearly establish Federal Law.

11   Mathew Kunz, clearly stated on the record that he solidified

12   an drug transaction with Tayor alone and met with Taylor alone

13   in safeway's restroom and had voluntarly given  his (Red) back-

14   pack of Marijauna to Taylor in fulfilling his contractual

15   obligations RT3 576-577 RT3 560.  This drug transaction was pre-

16   arranged and solidfied by Alvin Taylor and Mathew Kunz did not

17   report an Robbery RT3 (522)

18       Instead Officer Venegas called him some hours later and

19   convince him to fabricate a Robbery, see police report page

20       The evidence on the surveillance tape clearly shows pet-

21   itioner in the 4th grocery isle the whole time except "88"

22   seconds, for 88 seconds RT3 (859) in fact Mr. Taylor was talking

23   to another black male the whole time except when (he) and Taylor

24   disappeared on the surveillance video wearing a white jacket

25   and a blue shirt. Under review of the surveillance tape this

26   other male stood approximately 6' to 6'1" in height, weight a

27   mere 230 to 250 pounds RT4 855.

28       Kunz states that this assailant weightg 250 pounds,

1   petitioner weights 190 pounds substantually way less then the

2   person who assaulted him and took nothing.

3

4               RESPONDENTS MISSTATES AND ASSERTS

5       Respondent has misstated and asserted no facts to his claim

6   that petitioner and Alvin Taylor jointly charged in trial

7   proceedings. Mr. Taylor pleaded to drug trafficking, D.A. tried

8   to offer petitioner an deal of only drug trafficking and felony

9   evasion, petitioner decline due to his innocence to the offenses

10      Mr. Kunz, testified that he actually at the time before the

11  this (Phantom) perpetrator came into the restroom in safeway,

12  he had already voluntarly relingusih his possessory interest

13  to Mr. Taylor. Mr. Taylor stated in the police report he

14  purchase the (Red) backpack of marijuana. This botched drug

15  ordeal was between Taylor and Kunz and not petitioner.

16      Taylor was not tried nor convicted by a trial judge or a

17  jury of his peers for the crime of "211" and he is the principal

18  character in the ordeal and only person who receives anything

19  from Mr. Kunz.  Taylor was only tried and convicted only for

20  drug trafficking (he) did not get immunity for the crime of

21  Robbery in exchange to testify at petitioner trial it was simply

22  nor crime of Robbery on the record, D.A. offered us both a plea

23  bargain which involved dropping the false charge of Robbery.

24      Petitioner is charged with "211" nothing else regarding the

25  allege offnece, not conspiracy not aiding & abeting he was

26  charged with "211", according to the matter of law Cal Jic 9.40

27  and penal code 211, petitioner is innoncent of the crime.

28  Elements are not met for Robbery neither was petitioner in the

7

1   restroom, petitioner request court to ascertain and review all three (3)

2   surviellance tapes.

3                    D.A. CROSS EXAMINE  (MR. KUNZ)

4   Q When he's frisking you, did he take anything from you ?
    A No! I didn't have anything on me except a cell phone, that was
5   the only thing I had.
    Q Did he take that?
6   A No!, see RT3 542 10,15

7       Prosecutor has the burden of production and persuasion to

8   prove trier fact proving the elements beyond a reasonable doubt. The due

9   process clause requires the government to prove beyond a reasonable doubt

10  every element of the crime with which a defendant is charged see Fiore v.

11  White, U.S. v. Tarr, the court overturned one of the two count of which

12  appellant was convicted because there was insufficient evidence to prove

13  that he the intent to aid and abet in a unauthorized transfer of a machine

14  gun in violation of 26 U.S.C. § 5861 (1) and 18 U.S.C. C §2 the court found

15  no evidence that appellant had the requeste knowlede.

16      First elements of Robbery is to take property are in the presence as act

17  of aiding and abeting in a Robbery petitioner was not in the restroom. At

18  no time respondents admits that is was only Mathew Kunz and Alvin Taylor

19  alone during the transaction for more then 5 minutes RT3 555, furthermore,

20  Mr. Kunz states on the record that his previous drug transaction with Taylor

21  only took less than 5 minutes RT3 528.  Mr. Kunz, goes home after this

22  transaction puts away whatever profits he receives from Mr. Taylor, therein

23  Taylor is apprehended with contraband provides officers with Kunz cell

24  number which was on his cell phone, officer's contact Mr. Kunz who denies

25  any partake in botch drug deal due to immense pressure of having already

26  being tagged as the person on the surveillance tape in the store made him

27  more succeptable toconcoct that he was victim of crime, fair exchange

28  immunity for fabricated story.

                                8

1        Evidence shows that petitioner was not in possession of any marijuana

2    see RT4 858. Evidence shows that petitioner was not the person who receive

3    the back pack according to allege witness Mathew Knuz RT3 567, 576, 577.

4        Due process clause relating to the elements of an offense questions

5    whether the evidence is constitutionally sufficient is of course wholly

6    related to the question of how rationally the verdict was actully reached

7    just as the standard announced today does not permit a court to makes its

8    own subjective determination of guilt or innocence Santa Cruz Superior

9    Court failed to observe California State Law Cal. Jic. 9.40 and the Federal

10   Law Penal COde "211". The 5 elements of Robbery. Number one essential element

11   is to take property,petitioner took nothing and is the only person charged

12   with  Robbery, Taylor charged with drug trafficking sentence to 4 years.

13       Under Jackson, the question whether the trier of fact has power to

14   make a finding of guilt require's a binary response. Either the tier of fact

15   has power as a matter of law or it does not, see Jackson v. Virginia, 99

16   S'Ct. 2718, 443 US 307, 61 L.ed 2d 560. In re Winship presopposes as an

17   essential of the due process guaranteed by the fourteenth amendment that no

18   person shall be made to suffer the onus of a criminal conviction except upon

19   proof defined as evidence necessary to convince a tier of fact beyond a

20   reasonable doubt of the existense of every element of the offense.

21       Question: is it matter of law to be served with an indictment and not

22   be guilty of each element of the offense.

23       According to the court, the constitution now prohibits the criminal

24   conviction of any person including, apparently a person against whom the

25   facts have already been found beyond a reasonable doubt by a jury, a trial

26   judge and one or more levels of state appellate judges except upon proof

27   sufficient to convince a federal (443 v.s. 327) judge that a rational trier

28   of fact would have found the essential elements of the crime beyond a

9

1    reasonable doubt ante, at 2789, due process is violated when

2    a state court fails to follow its own established criminal

3    procedures and violates its own statues or constitution

4    (Hicks v Oklahoma 1980 447 US 373. A federal court has a duty

5    assess the historic facts when it is called upon to apply a

6    constitutional standard to a conviction obtained in a state

7    court state must follow federal law. There is plainly a funda-

8    mental fairness interest in having the goverment abide the rule

9    of law it establishes  to govern the circumstances under which

10   it can deprive a person of his or her liberty or life U.S.C.A.

11   14 Canell v. Texas 120 S.Ct held ! reasonable doubt standard and

12   due process protects accused against conviction except upon

13   proof beyond reasonable doubt of every fact necessary to const-

14   itute crime inwhich he or she is charged U.S.C.A. 14

15        Habeas Corpus is available where there is no evidence of

16   the essential elements. In re Giannini 69 Cal 2d 563, 577, N. 11

17   (1969) In re Foss 10 Cal. 3d 910, 931 (1974).

18                     INSUFFICIENT EVIDENCE

19        Argument

20   Q. Now you  actually transfered ownership of that back pack to
        Mr. Taylor he gave 100, 100 for it?
21   A. It was supposedly given to him in transaction, yes.
     Q. Your contractual obligation.
22   A. Excuse me.
     Q. You fulfilled what you were suppose to do in the transfer?
23   A. Yeah Rt 576, 577

24        Alleged victim states that he only met Alvin Taylor in the

25   restroom not petitioner and he gave his marijauna to Alvin

26   Taylor (Co-defendant) voluntarily and he was in safeway restroom alone with

27   Alvin Taylor. see Rt 532, 533, 534, 535, 536. Respondents asserts that

28   Taylor gave me a Que or signal by calling me with a cell phone, appellant

1          Appeallant had no cell phone, this exculpatory evidence

2    is bassless and untrue see RT3 621. Petitioner never had, Allege

3    witness Kunz states on record cross examination by trial

4    lawyor Q. now, when you were in the bathroom you handed the

5    backpack to Mr. Taylor.

6    A. Yes RT3 560.

7          Allege witness Kunz states that officer fabericated

8    information that hedid not meet with petitioner in safeway

9    restroom, but only met with Taylor RT3 571.

10          Petitioner did not violate any of the elements of

11    Robbery, therefore petitioner respectfully prays the court to

12    vacate the judgement of the conviction.

13

14

15                      Respectfully submitted,

16                      Leon Jordan
                    Attorney for pro se

17

18

19

20

21

22

23

24

25

26

27

28

PRE TRIAL PHOTO Line up
Was unduly Suggestive

1

2    Respondent's MISSTATES and Asserts that
3  Petitioner accurately selected in Photo line-up.
4    Petitioner avers and realleges that STATEMENT
5  OF facts ofrom Detective Baker And MATHEW KUNZ.
6  supercedes any assertions that respondents present
7  to this court. It was again MR KUNZ testimony that
8  he did not See the Assailants face who Allegedly
9  ASSAulted Him (RT3 572-574)
10    Furthermore, during the Photo line-up the D.A. and
11  investigators showed MR KUNZ A booking Photo of
12  Petitioner Prior to showing him the six PACK Photo
13  line-up See RT4 (857) unfortunately when APPeal Counsel
14  foward Petitioner TRANSCRIPTS (He) withHeld or never
15  recieved from SANTA Cruz Superior court House (booking Photo)
16  Consequently, there was a Picture of Petitioner
17  in a booking Photo and then a six man Photo
18  line-up. AND This the same Photo-Packet that
19  was presented to MATHew KUNZ. Officer Baker
20  confirms That this is The same Photo PACKet that
21  was presented to MR KUNZ. RT4 (835) And Trial
22  Lawyer Nardi Argues this issue to Trial Judge RTY
23  (857)
24    Trial Lawyer Cross Examines KUNZ
25  Ⓐ I SAW A fist, I SAW the blue shirt. And
26  I dont remember if I Saw the Hat or NOT,
27  BUT I SAW the blue SHirT. Ⓠ But not the face
28  Ⓐ NOT the face, NO I SAW the fisT. RT3 (572-574)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 3-95)

further cross examination from Trial Lawyer

1  Q  isn't it true that you told Bob Bortnick that
2     you felt you were being grilled.
3  A  who is Bob Bortnick
4  Q  A Defense investigator that you spoke with
5  A  I told them I felt pressured
6  Q  By the District Attorney?
7  A  By All three that were there
8
9  Q  Pressured to give them an Identification
10 A  to look at the line-up
11 Q  And, to provide them with an Identification
12 A  YeAH!
13
14     Petitioner has presented to this Court that
15 Allege victim MR Kunz Testimony is inconsistent
16 his Identification was impermissibly suggestive
17     Prosecutor cannot offer evidence of any suggestiv-
18 eness in the procedure People V. Greene (1973) 34 CA
19 3d 622, 110 CR 160 Due process Neil V. Biggers.
20 409 U.S. 188. 198 (1972) The factors to be
21 Considered in determing the Constitutionality of
22 Witness testimony at trial regarding a Suggest-
23 ive Pre-trial Identification are set out in
24 biggers. Applying these factors set out in Biggers
25 Petitioner arguement that the witness testimony
26 regarding his Identification at the Photo line-up
27 and the in-Court Identification was unreliable
28 because the line-up which involve a showing
   of a booking Photo of Petitioner (by Himself)

(13)

1  On Top of the six pack Photo line-up, and
2  witness never seeing his assailant face, and
3  being grilled and pressured. Clearly establishes
4  Prosecutor Knowingly use of unduly suggestive
5  Identification. consequently, resulted in a decision
6  that was contrary to the federal standard
7      Suggestive comments, or conduct that single out a
8  certain person in Procedure of line-up can cause such un-
9  fairness that they deprive a person of Due Process of Law
10  People V. Perkins (1986) 184 CA 3d 583,588, 229 CR 219,222
11  Manson V. Braithwaite (1973) 432 US 98,114, 53, L Ed 2d 140,154,
12  97 S CT 2243, 2252.
13
14  <u>Due process A Defendant must rely upon due process</u>
15  <u>Principal</u>
16  The supreme Court has held that the right.
17  to due process requires the exclusion of Pre-trial
18  Identification evidence obtained by a police procedure
19  that was both suggestive and unnecessary
20  Manson V. Braithwaite.
21
22      The Knowing use of unduly suggestive Identification
23  resulted in a decision that was contrary to
24  and/or involved an **unreasonable** application
25  of Clearly established **Federal LAW**
26
27
28      therefore, Reversal is Required.

PETITIONER RESPECTFULLY REQUEST the COURT TO REVIEW AND INFER to PETITIONER writ HABEAS CORPUS AS to Aurgement 2, 4 and 5.

Aurguement 2. THE PROSECUTOR KNOWINGLY USE PERJURED Testimony or failed to Correct KNOWN FALSE Testimony to obtain Petitioner's Conviction.

Aurguement 4. PETITIONER was Denied the Right to Counsel on Appeal.

Aurguement 5. PETITIONER WAS ILLEGALLY SENTENCED to GREATER THEN The MAXIUM TERM.

Respectfully Submitted.

Leon Jordan.

<u>PROOF OF SERVICE BY MAIL</u>

I, JORDAN LEON _____, declare:

I am at least 18 years of age, and a party / am not a party to the

attached herein cause of action.  My mailing address is: C.S.P C4-118ᵛ

P O  BOx · 8503 _____; Post Office Box 8503, Cell 118ᵛ ___,

Coalinga, Ca 93210-8503.

On 9-9 _____, 2008, I delivered to prison officials at

Pleasant Valley State Prison at the above address the following documents for

mailing via the United States Mail.

1   PETiTioner (TRAVERSE) _____

2._____

3._____

In a sealed envelope(s) with postage fully prepaid, addressed to:

1. STAN HEIFMAN, STATe Bar No  49104 SUPervising Deputy

Attorney General  455 Golden Gate Avenue, Suite 11000 San Francisco, Ca 94102

2. DEPARTMENT  OF  JUSTICE _____

_____

3._____

_____

4._____

_____

5._____

_____

    I declare under penalty of perjury that the foregoing is true and
correct.

    Executed this 9 day of September , 20 08 at Coalinga,
Ca.

                              _____
                              Declarant / Petitioner IN PRO PER



PROOF OF SERVICE BY MAIL

I, JORDAN, LEON, declare:

I am at least 18 years of age, and a party / am not a party to the attached herein cause of action. My mailing address is: C.S.P CU-118U P.O. BOX-8503, Post Office Box 8503, Cell 118U, Coalinga, Ca 93210-8503.

On 9-9, 2008, I delivered to prison officials at Pleasant Valley State Prison at the above address the following documents for mailing via the United States Mail.

1 PETITIONer (TRAVERSE)

2.

3.

In a sealed envelope(s) with postage fully prepaid, addressed to:

1. STAN HEIFMAN, STATE BAR NO. 49104 SUPERVISING Deputy Attorney General 455 Golden GAte AVenue, Suite 11000 San Francisco, CA 94102

2. DEPARTMENT OF JUSTICE

3.

4.

5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9 day of September, 2008 at Coalinga, Ca.

Declarant / Petitioner IN PRO PER

## D. ROBBERY

*Analysis*

| | Inst. No. |
|---|---|
| Robbery (Pen. Code, § 211) | 9.40 |
| Robbery—Aiding and Abetting—When Intent to Abet Must Be Formed | 9.40.1 |
| Robbery—After Acquired Intent | 9.40.2 |
| Robbery—Fear—Defined | 9.41 |
| Robbery of the First Degree—Defined (Pen. Code, § 212.5, subds. (a), (b), (c)) | 9.42 |
| Robbery First Degree—Acting in Concert (Pen. Code, § 213, subd. (a)(1)(A)) | 9.42.1 |
| Second Degree Robbery as a Matter of Law | 9.43 |
| Carjacking (Pen. Code, § 215) | 9.46 |

# CALJIC 9.40

## ROBBERY

### (Pen. Code, § 211)

[Defendant is accused [in Count[s] _____] of having committed the crime of robbery, a violation of section 211 of the Penal Code.]

Every person who takes personal property in the possession of another, against the will and from the person or immediate presence of that person, accomplished by means of force or fear and with the specific intent permanently to deprive that person of the property, is guilty of the crime of robbery in violation of Penal Code section 211.

["Immediate presence" means an area within the alleged victim's reach, observation or control, so that he or she could, if not overcome by violence or prevented by fear, retain possession of the subject property.]

"Against the will" means without consent.

In order to prove this crime, each of the following elements must be proved:

635

**9.40**    CRIMES AGAINST SECURITY OF PERSON    Part 9

799].  Acc.: *People* v. *Jones* (1996) 42 Cal.App.4th 1047 [50 Cal.
Rptr.2d 46].)

**Library References:**

C.J.S. Robbery § 70, 88, 94.
West's Key No. Digests, Robbery ⬅27(2).
WESTLAW Topic No. 342.

638

P.O. Box 8503

Coalinga, CA 93210

SP C-4 118v




UNITED STATES POSTAGE
$ 02.
02 1A
0004344659    SEPT10
MAILED FROM ZIP CODE

RECEIVED

SEP 12 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRB

(TRAVERSE)

ATTN. Office of the U.S. D...

Northern District of C...

450 Golden Gate

San Francisco, CA

94102

THIS MAIL WAS GENERATED FRO'
PLEASANT VALLEY STATE PRIS?

Law Library

D. Durban

9-5-08